# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| **SHERMAN HARPER,** ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Cv. No. 2:15-02464-SMH |
| ) | Cr. No. 2:09-20182-SMH |
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| Respondent. ) | |
| ) | |

## ORDER

Before the Court are five motions filed by Petitioner Sherman Harper: (1) *pro se* motion seeking to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 (the "§ 2255 Motion"), filed on July 13, 2015 (ECF No. 1; see also ECF No. 1-1); (2) Addendum to Presentencing Report Objection to Presentencing ("Objection to Presentencing"), filed on November 21, 2016 (ECF No. 21); (3) Request for Status Report, filed on January 30, 2017 (ECF No. 25); (4) Motion to Compel, filed on October 2, 2017 (ECF No. 27); and (5) Motion to Vacate, filed on November 15, 2017 (ECF No. 28).

For the following reasons, Petitioner's § 2255 Motion and Objection to Presentencing are DENIED. Petitioner's Request for

Status Report, Motion to Compel, and Motion to Vacate are DENIED AS MOOT.

**I. Background**

On May 19, 2009, a federal grand jury returned a single-count indictment charging Petitioner, a convicted felon, with possessing an F.I.E. .22-caliber semiautomatic pistol on or about December 22, 2008, in violation of 18 U.S.C. § 922(g). (Cr. ECF No. 1 at 1-2.)[1] Petitioner pled not guilty at his arraignment on June 10, 2009. (Cr. ECF No. 11.) On August 27, 2009, Petitioner changed his plea to guilty. (Cr. ECF No. 23; see also ECF No. 26.)

At Petitioner's sentencing on December 18, 2009, the Court determined that Petitioner was an armed career criminal under the Armed Career Criminal Act, 18 U.S.C. § 924(e) (the "ACCA"). (Presentence Investigation Report ("PSR") ¶ 25.) Petitioner had five prior Tennessee ACCA-predicate convictions: (1) 1985 attempt to commit a felony – aggravated assault; (2) 1986 shooting a missile calculated to produce death or great bodily harm into an occupied dwelling; (3) sexual battery committed between 1984 and 1988; (4) 2000 setting fire to personal property; and (5) 2004 aggravated assault. (PSR ¶¶ 29, 33, 38, 44, 50.) The Court sentenced Petitioner to 188 months in

---
[1] Unless otherwise noted, all pin cites for record citations are to the "PageID" page number. Citations to (Cr. ECF at ##) refer to the criminal case United States v. Harper, No. 2:09-cr-20192-SHM (W.D. Tenn.).

2

prison, to be followed by a three-year period of supervised release.  (Cr. ECF No. 31 at 33-34.)

On July 13, 2015, Petitioner filed this § 2255 Motion. (ECF No. 1; see also ECF No. 1-1.)  Petitioner argues that he is entitled to be resentenced under Johnson v. United States, 135 S. Ct. 2551 (2015).  In Johnson, the Supreme Court held that a sentence imposed under the residual clause of the ACCA violates due process.  Id. at 2563.  In Welch v. United States, the Supreme Court applied its holding in Johnson retroactively to ACCA cases on collateral review.  136 S. Ct. 1257, 1268 (2016); see also In re Watkins, 810 F.3d 375, 383-84 (6th Cir. 2015) (same).  Petitioner argues that he is entitled to be resentenced because, after Johnson, three of his prior convictions -- those for (1) attempt to commit a felony – aggravated assault; (2) shooting a missile calculated to produce death or great bodily harm into an occupied dwelling; and (3) aggravated assault -- no longer qualify as violent felonies and, therefore, he is no longer an armed career criminal.  (ECF No. 1 at 4.)  The government responded to Petitioner's § 2255 Motion on November 28, 2016.  (See ECF No. 22; ECF No. 23.)  Petitioner replied on December 7, 2016.  (ECF No. 24.)

Between January 7, 2016, and August 15, 2016, Petitioner filed four motions: (1) Motion to Supplement Rule 15(a)(2) Previous 2255(f)(3) ("First Motion to Supplement"), filed on

3

January 7, 2016 (ECF No. 6); (2) Motion Pursuant to 28 U.S.C. § 2243 Based on Motion to Show Cause ("§ 2243 Motion"), filed on May 2, 2016 (ECF No. 7); (3) Motion to Compel and Motion for Writ of Mandamus and Request to Proceed In Forma Pauperis ("Motion to Compel"), filed on August 15, 2016 (ECF No. 12); (4) Motion to Supplement Rule 15(a)(2) Previous 2255(f)(3) ("Second Motion to Supplement"), filed on August 15, 2016 (ECF No. 13).

On September 15, 2016, the Court entered an Order addressing Petitioner's motions. (ECF No. 14.) The Court GRANTED the First and Second Motions to Supplement, GRANTED IN PART and DENIED IN PART the § 2243 Motion, and DENIED without prejudice the Motion to Compel. (Id. at 85.)

On November 21, 2016, Petitioner filed his Objection to Presentencing. (ECF No. 21.) The Objection to Presentencing raises additional arguments about whether Petitioner's prior convictions qualify as violent felonies under the ACCA. (Id. at 100-06.) It also raises, for the first time, Petitioner's challenge to his prior conviction for setting fire to personal property. (Id. at 97-100.)

On January 30, 2017, Petitioner filed his Request for Status Report. (ECF No. 25.) On October 2, 2017, Petitioner filed his Motion to Compel. (ECF No. 27.) On November 15, 2017, Petitioner filed his Motion to Vacate. (ECF No. 28.)

4

Each of the last three motions asks the Court to rule on Petitioner's § 2255 Motion.

**II. Timeliness**

Petitioner challenges his sentence based on Johnson, which provides a new rule of constitutional law made retroactively applicable to cases on collateral review. Johnson, 135 S. Ct. at 2563; Welch, 136 S. Ct. at 1268. Petitioner's § 2255 Motion alleges constitutional error that resulted in a sentence that now exceeds the statutory limits applicable to his offense. Johnson was decided on June 26, 2015, and Petitioner filed his § 2255 Motion on July 13, 2015. (ECF No. 1.) Petitioner filed his Motion within one year of Johnson. Petitioner's § 2255 Motion is timely. See 28 U.S.C. § 2255(f)(3).

Petitioner's Objection to Presentencing raises, for the first time, Petitioner's challenge to his prior conviction for setting fire to personal property. (ECF No. 21 at 97-100.) Petitioner's Objection to Presentencing was filed on November 21, 2016, more than one year after Johnson. (ECF No. 21.) The Court construes Petitioner's Objection to Presentencing as an amended § 2255 motion. Petitioner's Objection to Presentencing challenges a different prior conviction under Johnson. Petitioner's Objection to Presentencing relates back to his original § 2255 motion and thus is timely.

5

**III. Analysis**

In Johnson, the Supreme Court held that a sentence imposed under the residual clause of the ACCA violates due process. 135 S. Ct. at 2563. In his § 2255 Motion, Petitioner argues that three of his prior convictions -- those for (1) attempt to commit a felony – aggravated assault; (2) shooting a missile calculated to produce death or great bodily harm into an occupied dwelling; and (3) aggravated assault -- are no longer predicate violent felonies after Johnson. (ECF No. 1 at 4.) In his Opposition to Presentencing, Petitioner argues that his conviction for setting fire to personal property is no longer a violent felony. (ECF No. 21 at 97-100.) Petitioner contends that he is entitled to be resentenced because, after Johnson, he no longer has at least three prior ACCA-predicate convictions and, therefore, is no longer an armed career criminal. (ECF No. 1-1 at 15-16.)

    **A.   2004 Tennessee Aggravated Assault**

Petitioner argues that his 2004 Tennessee conviction for aggravated assault is not a crime of violence under the ACCA. (Id. at 8.) The government contends the indictment demonstrates that Petitioner's "conduct necessarily constitutes a violation of Tenn. Code Ann. § 39-13-102(a)(1)(A)(iii) . . . [which] qualifies under the ACCA's use-of-force clause." (ECF No. 23 at 169.) The government argues that Petitioner's "prior conviction

6

for aggravated assault in Tennessee is not affected by *Johnson*'s invalidation of the ACCA's residual clause." (Id.)

"When determining which crimes fall within . . . the violent felony provision" of the ACCA, "federal courts use the categorical approach." United States v. Covington, 738 F.3d 759, 762 (6th Cir. 2013) (quotation marks omitted); see also Mathis v. United States, 136 S. Ct. 2243, 2248 (2016). Using that approach, courts "look[] only to the statutory definitions of the prior offenses, and not to the particular facts underlying those convictions." Taylor v. United States, 495 U.S. 575, 600 (1990).

"[T]here are two steps in applying the categorical approach to determine whether a prior conviction constitutes . . . a violent felony under the ACCA." Covington, 738 F.3d at 763. "First, a court must ask whether the statute at issue is divisible by determining if the statute lists 'alternative elements.'" Id. (quoting Descamps v. United States, 133 S. Ct. 2276, 2293 (2013)). "[A] divisible statute, listing potential offense elements in the alternative, renders opaque which element played a part in the defendant's conviction." Descamps, 133 S. Ct. at 2283.

If a statute is divisible, meaning that it "comprises multiple, alternative versions of the crime," the court uses a "modified categorical approach" and may "examine a limited class

of documents," such as the indictment and jury instructions, "to determine which of a statute's alternative elements formed the basis of the defendant's prior conviction." Id. at 2283-84. "Where the defendant has pled guilty, these so-called Shepard documents may include the 'charging document, written plea agreement, transcript of plea colloquy, and any explicit factual finding by the trial judge to which the defendant assented.'" United States v. Denson, 728 F.3d 603, 608 (6th Cir. 2013) (quoting Shepard v. United States, 544 U.S. 13, 16 (2005)). "[T]he question is whether the court documents establish that the defendant necessarily admitted the elements of a predicate offense through his plea." United States v. McMurray, 653 F.3d 367, 377 (6th Cir. 2011) (quotation marks omitted).

After having determined which of a statute's alternative elements formed the basis of the defendant's prior conviction, the second step in the categorical approach requires the court to "ask whether the offense the statute describes, as a category, is a [violent felony]." Covington, 738 F.3d at 763.

Petitioner was convicted under Tenn. Code Ann. § 39-13-102. (ECF No. 21-1 at 145.) "[Section] 39-13-102 is divisible." United States v. Cooper, 739 F.3d 873, 880 n.2 (6th Cir. 2014). Thus, the Court looks to the Shepard documents to determine which of § 39-13-102's alternative elements formed the basis of Petitioner's conviction. See Descamps, 133 S. Ct. at 2283-84.

8

Petitioner's indictment demonstrates that he was convicted under § 39-13-102(a)(1)(A)(iii), which provides that "[a] person commits aggravated assault who . . . [i]ntentionally or knowingly commits an assault as defined in § 39-13-101, and the assault . . . [i]nvolved the use or display of a deadly weapon." A Tennessee grand jury charged that Petitioner "did unlawfully and knowingly commit an assault on ANGELA SMITH and by use of a deadly weapon, cause bodily injury to the said ANGELA SMITH." (ECF No. 23-1 at 200.) Petitioner pled guilty to the charged offense. (Id. at 201.)

Having confirmed that Petitioner was convicted under § 39-13-102(a)(1)(A)(iii), the Court must determine whether an aggravated assault under that provision, as a category, is a violent felony. See Covington, 738 F.3d at 763. The Sixth Circuit has held that violation of subsection (a)(1)(A) of the statute is a violent felony. Campbell v. United States, No. 16-5288, slip op. at 2 (6th Cir. Mar. 22, 2017); see also Braden v. United States, 817 F.3d 926, 933 (6th Cir. 2016) (holding that assault with a deadly weapon constitutes a violent felony). Petitioner's Tennessee aggravated assault conviction is a violent felony under the ACCA.

**B.  1985 Tennessee Attempt to Commit a Felony – Aggravated Assault**

Petitioner contends that his 1985 Tennessee conviction for attempted aggravated assault is not a crime of violence under the ACCA. (Id. at 10.) The government argues that Petitioner's "conviction for attempt to commit a felony necessarily entails the attempted use of physical force, and is therefore categorically a violent felony under the ACCA's use-of-force clause." (ECF No. 23 at 173.)

Petitioner was convicted of aggravated assault. (ECF No. 23-1 at 183.) The Tennessee statute for aggravated assault at the time was Tenn. Code Ann. § 39-2-101 (1982), which read in part:

> (b) A person is guilty of the offense of aggravated assault . . . if such person:
>
> (1) Attempts to cause or causes serious bodily injury to another willfully, knowingly or recklessly under circumstances manifesting extreme indifference to the value of human life;
>
> (2) Attempts to cause or willfully or knowingly causes bodily injury to another with a deadly weapon;
>
> (3) Assaults another while displaying a deadly weapon or while the victim knows such person has a deadly weapon in his possession;
>
> (4) Being the parent or custodian of a child or the custodian of an adult, willfully or knowingly fails or refuses to protect such child or adult from an aggravated assault described in subdivisions (1), (2) or (3); or

> (5) After having been enjoined or restrained by an order, diversion or probation agreement of a court of competent jurisdiction from in any way causing or attempting to cause bodily injury or in any way committing or attempting to commit a battery against an individual or individuals, attempts to cause or causes bodily injury or commits or attempts to commit a battery against such individual or individuals.

Section 39-2-101 is divisible because the statute lists multiple ways to commit the offense. See Cooper, 739 F.3d at 879 (holding that Tenn. Code. Ann. § 39-13-102 (1998) is divisible because it can be violated in multiple ways). The Court looks to the Shepard documents to determine which of § 39-2-101's alternative elements formed the basis of Petitioner's conviction. See Descamps, 133 S. Ct. at 2283-84.

Petitioner's indictment demonstrates that he was convicted under § 39-2-101(b)(2). (ECF No. 23-1 at 180-83.) A Tennessee grand jury charged that Petitioner "unlawfully, feloniously and willfully cause[d] bodily injury" to three different individuals "with a deadly weapon, to wit, a Shotgun." (ECF No. 23-1 at 180-82.) Petitioner pled guilty to attempting the charged offense.[2] (Id. at 183.) A person is convicted under § 39-2-

---

[2] The Judgement for Petitioner's conviction for attempted aggravated assault shows that he pled guilty. The Judgement is a valid Shepard document. See United States v. Cooper, 739 F.3d 873, 880-81 (6th Cir. 2014) (relying upon a Tennessee judgment form); United States v. McMurray, 653 F.3d 367, 378 (6th Cir. 2011) (considering a Tennessee judgment form to be a valid Shepard document).

101(b)(2) when he "attempts to cause or willfully or knowingly causes bodily injury to another <u>with a deadly weapon</u>." (emphasis added.)

Having confirmed that Petitioner was convicted under § 39-2-101(b)(2), the Court must determine whether an aggravated assault under that provision, as a category, is a violent felony. See <u>Covington</u>, 738 F.3d at 763. In other contexts, the Sixth Circuit has held that the use of a deadly weapon during the commission of a felony qualifies as an ACCA predicate under the use-of-force clause. In <u>United States v. Gloss</u>, for example, the court held that "[a]ny robbery accomplished with a real or disguised deadly weapon . . . falls under the first clause of the definition of violent felony, as it necessarily involves 'the use, attempted use, or threatened use of physical force against the person of another.'" 661 F.3d 317, 319 (6th Cir. 2011). In <u>United States v. Anderson</u>, the court found that the Ohio aggravated assault statute, which required proof of "physical harm . . . by means of a deadly weapon or dangerous ordinance," "necessarily require[d] proof that the defendant used 'force capable of causing physical pain or injury'" and was thus a violent felony. 695 F.3d 390, 400 (6th Cir. 2012).

---

That Petitioner pled to attempted aggravated assault does not affect whether the conviction qualifies as a violent felony. Eighteen U.S.C. § 924(e)(2)(B)(i) provides that violent felonies include attempts.

Section 39-2-101(b)(2) is similar to the Ohio aggravated assault statute in Anderson that the Sixth Circuit held to be a violent felony. Just as the Ohio aggravated assault statute punished "physical harm . . . by means of a deadly weapon," § 39-2-101(b)(2) punished "caus[ing] bodily injury to another with a deadly weapon." Petitioner's conviction for attempting to commit an aggravated assault necessarily constitutes an attempted use of force under the ACCA. Petitioner's conviction is a qualifying ACCA offense under the use-of-force clause.

**C.    2000 Setting Fire to Personal Property**

Petitioner's Objection to Presentencing challenges his 2000 conviction for setting fire to personal property. (ECF No. 21 at 99.) The government contends that, because "[a]rson is one of the enumerated offenses in the ACCA's enumerated clause . . . this prior conviction does not implicate the ACCA's residual clause." (ECF No. 23 at 166.)

Petitioner was convicted under Tenn. Code Ann. § 39-14-303. Arson is an enumerated felony under 18 U.S.C. § 924(e)(2)(B)(ii) -- meaning it is a violent felony. The Sixth Circuit has held that the definition of arson in § 39-14-303 is consistent with the generic definition of arson in the enumerated clause. United States v. Miller, 246 F. App'x 369, 371-71 (6th Cir. 2007). Petitioner's 2000 conviction for setting fire to personal property is a violent felony under the ACCA.

13

Petitioner has three convictions that qualify as ACCA predicate offenses. The ACCA was properly applied. Petitioner's § 2255 Motion and Objection to Presentencing are DENIED.

Petitioner's Request for Status Report, Motion to Compel, and Motion to Vacate are DENIED AS MOOT.

**IV. Appealability**

Twenty-eight U.S.C. § 2253(a) requires a district court to evaluate the appealability of its decision denying a § 2255 motion and to issue a certificate of appealability ("COA") "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); see also Fed. R. App. P. 22(b). No § 2255 movant may appeal without this certificate.

The COA must state the specific issue or issues that satisfy the required showing. 28 U.S.C. §§ 2253(c)(2) & (3). A "substantial showing" is made when the movant demonstrates that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003) (internal quotation marks and citation omitted); see also Henley v. Bell, 308 F. App'x 989, 990 (6th Cir. 2009) (per curiam). A COA does not require a

showing that the appeal will succeed. Miller-El, 537 U.S. at 337; Caldwell v. Lewis, 414 F. App'x 809, 814-15 (6th Cir. 2011). Courts should not issue a COA as a matter of course. Bradley v. Birkett, 156 F. App'x 771, 773 (6th Cir. 2005).

Petitioner is not entitled to relief under Johnson. He cannot present a question of some substance about which reasonable jurists could differ. The Court DENIES a certificate of appealability.

The Sixth Circuit has held that the Prison Litigation Reform Act of 1995, 28 U.S.C. §§ 1915(a)-(b), does not apply to appeals of orders denying § 2255 motions. Kincade v. Sparkman, 117 F.3d 949, 951 (6th Cir. 1997). Rather, to appeal in forma pauperis in a § 2255 case, and thereby avoid the appellate filing fee required by 28 U.S.C. §§ 1913 and 1917, a prisoner must obtain pauper status pursuant to Federal Rule of Appellate Procedure 24(a). Kincade, 117 F.3d at 952. Rule 24(a) provides that a party seeking pauper status on appeal must first file a motion in the district court, along with a supporting affidavit. Fed. R. App. P. 24(a)(1). However, Rule 24(a) also provides that if the district court certifies that an appeal would not be taken in good faith, or otherwise denies leave to appeal in forma pauperis, a prisoner must file his motion to proceed in forma pauperis in the appellate court. See Fed. R. App. P. 24(a)(4)-(5).

15

Because Petitioner is clearly not entitled to relief, the Court has denied a certificate of appealability. It is CERTIFIED, pursuant to Federal Rule of Appellate Procedure 24(a), that any appeal in this matter would not be taken in good faith. Leave to appeal in forma pauperis is DENIED.[3]

## V. Conclusion

For the foregoing reasons, Petitioner's § 2255 Motion and his Objection to Presentencing are DENIED. Petitioner's Request for Status Report, Motion to Compel, and Motion to Vacate are DENIED AS MOOT.

So ordered this 28th day of December, 2017.

/s/ Samuel H. Mays, Jr.
SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE

---

[3] If Petitioner files a notice of appeal, he must also pay the appellate filing fee or file a motion to proceed in forma pauperis and supporting affidavit in the Sixth Circuit Court of Appeals within 30 days.