IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

|  |  |  |
|---|---|---|
| SHERMAN HARPER, | ) | |
| Petitioner, | ) ) ) | |
| v. | ) ) | Cv. No. 15-2464 Cr. No. 09-20182 |
| UNITED STATES OF AMERICA, | ) ) | |
| Respondent. | ) ) ) | |

**ORDER**

On January 8, 2020, and January 14, 2020, the Court held hearings on Petitioner Sherman Harper's July 13, 2015 motion, brought under 28 U.S.C. § 2255. (See ECF No. 1; Cr. ECF Nos. 59, 61.) For the reasons stated on the record at those hearings, the Court DENIES Harper's § 2255 motion. (See Cr. ECF Nos. 59, 61.)

Under 28 U.S.C. § 2253, a district court must evaluate the appealability of its decision denying a § 2255 motion. The court should issue a certificate of appealability ("COA") "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). No § 2255 movant may appeal without this certificate. The COA must indicate the specific issues satisfying the required showing. Id. § 2253(c)(3).

A "substantial showing" is made when the movant demonstrates that "'reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further.'" Miller-El v. Cockrell, 537 U.S. 322, 336 (2003) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)); see also Henley v. Bell, 308 F. App'x 989, 990 (6th Cir. 2009) (per curiam) (same standard). A COA does not require a showing that the appeal will succeed. Miller-El, 537 U.S. at 337; Caldwell v. Lewis, 414 F. App'x 809, 814-15 (6th Cir. 2011).

Reasonable jurists could debate whether Harper's arson-related convictions occurred "on occasions different from one another." 18 U.S.C. § 924(e)(1). For the reasons stated on the record at Harper's January 8, 2020, and January 14, 2020 hearings, the Court GRANTS a COA as to whether Harper's 2000 Tennessee convictions for burning of personal property and setting fire to personal property were committed on occasions different from one another. (See Cr. ECF Nos. 59, 61.) The Court DENIES a COA as to all other issues.

So ordered this 14th day of January, 2020.

/s/ *Samuel H. Mays, Jr.*
Samuel H. Mays, Jr.
UNITED STATES DISTRICT JUDGE