```
              IN THE UNITED STATES DISTRICT COURT
                 WESTERN DISTRICT OF TENNESSEE
                        WESTERN DIVISION
```

|  |  |
|---|---|
| SHERMAN HARPER, )<br>)<br>    Movant, )<br>)<br>v. )<br>)<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>    Respondent. )<br>)<br>) | No. 2:15-cv-02464-SHM-cgc<br>No. 2:09-cr-20182-SHM |

## ORDER GRANTING 2255 RELIEF

On May 25, 2022 Movant Sherman Harper ("Harper") filed a Motion for Reconsideration of Order Denying 2255 Relief (the "Motion"). (See 2:15-cv-02464, ECF No. 55; 2:09-cr-20182, ECF No. 68.) Harper asks the Court to amend his criminal judgment to reflect a sentence of 120 months, followed by three years of supervised release. The government does not object to the requested relief. (See 2:15-cv-02464, ECF No. 61, PageID 369.) For the following reasons, the Motion and requested relief are **GRANTED.**

In 2009, Harper was convicted of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g) and was sentenced as an armed career criminal pursuant to 18 U.S.C. § 924(e). (See 2:09-cr-20182, ECF No. 31, PageID 254.) Harper sought and was denied relief under 28 U.S.C. § 2255. (See 2:15-cv-02464, ECF No.

31.) He appealed, and while his appeal was pending, the United States Supreme Court decided Wooden v. United States, 142 S. Ct. 1063 (2022). On April 6, 2022, the United States Court of Appeals for the Sixth Circuit remanded the case to this Court for reconsideration in light of Wooden. (2:15-cv-02464, ECF No. 54.)

At an initial hearing on Harper's 2255 petition, the Court considered whether Harper was properly sentenced as an armed career criminal. A revised PSR designated Harper as a career criminal based on: (1) a 2002 conviction for setting fire to personal property; (2) a 2002 conviction for burning of personal property; and 3) and a 2006 conviction for aggravated assault. (See 2:09-cr-20182, ECF No. 53, PageID 119, 126, 129.) The Court considered whether the first and second offenses occurred on "occasions different" and resulted in separate qualifying convictions. Applying the factors set out in United States v. Hill, 440 F.3d 292, 297-98 (6th Cir. 2006), the Court found that the two offenses occurred on occasions different. (See 2:09-cr-20182, ECF No. 63, PageID 239-40.) It was possible to determine when the first offense completed and the second offense began. Harper could have ceased his criminal conduct after the first offense and withdrawn.

Guided by the factors set out in Hill, the Sixth Circuit in Wooden determined that the defendant had committed ten separate offenses when he broke into ten separate warehouse units in a single night. United States v. Wooden, 945 F.3d 498, 505-06 (6th

2

Cir. 2019). The Sixth Circuit found that defendant could have withdrawn after each offense and that the offenses occurred in different locations. Id. On appeal, the Supreme Court rejected the Sixth Circuit's focus on whether crimes take place sequentially or simultaneously. See Wooden, 142 S. Ct. at 1068. The Court held that the occasions different analysis is a holistic inquiry that focuses on the timing of conduct, proximity of location, and relationship between offenses. Id. at 1071.

Under the standard announced by the Court in Wooden, Harper's 2002 offenses occurred on occasions different. At the initial hearing on Harper's 2255 petition, this Court found that the offenses occurred on separate days, but recognized significant ambiguity in the documents. (See 2:09-cr-20182, ECF No. 63, PageID 239-40.) The offenses, however, took place at the same general location and were actuated by the same motive. Harper does not meet the definition of armed career offender set out in 18 U.S.C. § 924(e). Where § 924(e) does not apply, the statutory maximum penalty for a § 922(g) offense is 120 months.

For the foregoing reasons, Harper's Motion is **GRANTED**.

SO ORDERED this 27th day of June, 2022.

                                               */s/ Samuel H. Mays, Jr.*
                                               SAMUEL H. MAYS, JR.
                                               UNITED STATES DISTRICT JUDGE